UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               No. 13-12478

vs.                                       Hon. Gerald E. Rosen

MICHAEL J. FURNARI,
BEVERLY FURNARI,
TARA FURNARI, and
STEVEN CANTWELL,

               Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR REHEARING ON COUNT II

               At a session of said Court, held in
               the U.S. Courthouse, Detroit, Michigan
               on October 07, 2014

               PRESENT:   Honorable Gerald E. Rosen
                                   United States District Chief Judge

I.  INTRODUCTION

     This Federal Debt Collection Procedures Act action is presently before the Court on Defendants' Motion for rehearing/reconsideration of the Court's Opinion and Order denying Defendants' motion to dismiss/and for summary judgment.  The Court ordered a written response from the Government pursuant to Eastern District of Michigan Local Rule 7.1(h)(2), and the Government has complied.  Having reviewed and considered the parties' briefs and the entire record of this matter, the Court is now prepared to rule on

Defendants' motion. This Opinion and Order sets forth the Court's ruling.

## II. BACKGROUND

On October 15, 2008, Defendant Michael Furnari pled guilty to an information charging him with one count of Misprision of a Felony based on his concealment and failure to inform authorities of his knowledge of the fraudulent scheme of another individual, Scott Ashley, to defraud Wells Fargo Bank and Huntington National Bank in connection with Ashley obtaining mortgage loans from the banks in the amounts of $2,999,435.00 and $500,000.00, respectively, which he used to purchase a home then owned by Furnari on Brady Lane in Bloomfield Hills, Michigan. (Ashley was charged separately for his fraudulent activities and pled guilty to seven of eight counts charged in a superseding indictment, including charges of bank fraud and wire fraud arising out of the Brady Lane mortgage loan transactions, and other offenses.)

Furnari was subsequently sentenced to one-day incarceration, and ordered to pay (jointly and severally with Scott Ashley) $1,367,330.00 restitution to cover the respective losses of Wells Fargo and Huntington Banks. According to the Government, there is approximately $1,361,807.30 of this restitution amount that remains unpaid. Therefore, to recover restitution owed to Wells Fargo and Huntington Banks, the Government instituted this action pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3301 *et seq.* (the "FDCPA"), to set aside as a fraudulent transfer Defendants Michael and Beverly Furnari's conveyance of real property they owned in Kihei, Hawaii to their

daughter, Tara Furnari, for the sum of $10.00. At the time of the conveyance, the assessed value of the property was $1,587,400.00. In its two-count Complaint, the Government alleged claims arising under both subsection (A) and subsection (B) of § 3304(b)(1) of the FDCPA.

Shortly after the Government's Complaint was filed, Defendants moved for dismissal of the Government's claim under § 3304(b)(1)(B) in Count I, and for summary judgment on the claim under § 3304(b)(1)(A) in Count II. The Court denied the motion in its entirety in an Opinion and Order entered on January 10, 2014. Defendants thereafter filed the instant Motion for Rehearing, seeking reconsideration of the Court's summary judgment ruling with regard to its decision on Count II of the Government's Complaint, only.

### III. DISCUSSION

The requirements for the granting of motions for rehearing or reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for rehearing or reconsideration, the

movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3). *See also Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (denying a Fed. R. Civ. P. 59(e) motion to amend or alter judgment explaining that such motions "are not intended as a vehicle to relitigate previously considered issues" and "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Id*. (internal quotation omitted)). The Court will apply the foregoing standards in deciding Defendants' Motion for Rehearing on Count II.

Count II of the Government's Complaint sets forth the Government's claim under 28 U.S.C. § 3304(b)(1)(A). Under this subsection, a transfer is fraudulent if the debtor makes the transfer "with actual intent to hinder, delay or defraud a creditor." Defendants moved for summary judgment on Count II claiming that there were no "creditors" as defined in the FDCPA of the Hawaii property at the time of the September 7, 2007 conveyance. The Court construed Defendants' "no creditors" theory as being that the Government was not a creditor under the Act because it could not "step into the shoes" of the defrauded banks or any other creditor and, as a consequence, could not "piggy back"

4

onto the claims of other creditors such as Huntington Bank and Wells Fargo, or those of Independence Bank, Fifth Third Bank or Citizens Bank, other banks to which Furnari was indebted. Defendants also argued the Government cannot show that the transfer of property to the Furnaris' daughter was made "with actual intent to hinder, delay, or defraud a creditor." The Court found no merit in either of Defendants' arguments, concluding that the Government can make out a claim under § 3304(b)(1)(A) by relying on the defendant's intent to defraud the Government, the beneficiaries of the restitution order, or any other creditor of the defendant.

Defendants now move for reconsideration of that ruling. Defendants claim that their motion for summary judgment was <u>not</u> premised upon an argument that the Government is precluded from "stepping into the shoes" of other creditors. Rather, they state that their argument is that there were no "shoes" for the Government to step into to pursue a fraudulent transfer claim with respect to the Hawaii property. Defendants argue that because, at the time, the Hawaii property was property was held by Furnari and his wife by the entireties, there were no creditors of Furnari that had a claim as to the property at the time of the transfer, because under Hawaii law, property held by the entireties is not subject to the claims of the creditors of one of the spouses. There is no merit to Defendants' argument.

Under the FDCPA, the term "creditor" means "a person who has a claim." *See* 28 U.S.C. § 3301(4). The statute very broadly defines a "claim": "Claim means a right to

payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." *Id.* § 3301(3). Whether or not one has a "claim" and is or is not a "creditor" under the FDCPA is determined by the statutory definitions, not by whether or not property claimed to have been fraudulently transferred was or was not entireties property that, pursuant to state law, is, or is not, subject to the claims of creditors of one of the spouses. Nothing in the FDCPA limits the definition of "creditor" to only creditors who can enforce a claim under state law. Nor does any case law so limit the term. Creditors who have claims against one of the spouses are "creditors" under the FDCPA regardless of whether they can enforce those claims against entireties property. It is, thus, not necessary that Furnari's business creditors be able to reach entireties property for them to be regarded as creditors for purposes of a Government action under 28 U.S.C. § 3304(b)(1).

Defendants do not dispute that, in 2007, at the time of the transfer of the property to Tara Furnari for $10.00, Fifth Third Bank, Independence Bank and Huntington Bank had claims against Michael Furnari predicated on his prior personal guarantees of business debts. Thus, by definition, they were Furnari's creditors under the FDCPA.

In its Opinion and Order denying Defendants' motion for summary judgment, the Court determined -- and Defendants now concede -- that the Government can "step into the shoes" of creditors that existed before the Government became a creditor. *See*

1/10/14 Opinion and Order, Dkt. # 27, pp. 15-16; *see also* Brief in Support of Defendants' Motion for Rehearing, p. 1.  The Court also determined, and Defendants also concede, that the Government has a right to set aside entireties transfers under Hawaii law.  1/10/14 Opinion and Order pp. 16-17; Defendants' Brief, p. 2 (citing *United States v. Craft*, 535 U.S. 274 (2002)).  *See also*, *United States v. Webb*, 2008 WL 4761745 (D. Hawaii Oct. 23, 2008).

Based upon the foregoing, the Court concludes that Defendants have merely presented issues in this motion for rehearing that were already ruled upon by the Court, either expressly or by reasonable implication, and have not shown a misleading "palpable defect" in the Court's January 10, 2014 Opinion and Order which, if corrected, would "result in a different disposition" of Defendants' Motion for Summary Judgment.

## IV.  CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Defendants' Motion for Rehearing **[Dkt. # 29]** is DENIED.

> S/Gerald E. Rosen
> Chief Judge, United States District Court

Dated:  October 7, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2014, by electronic and/or ordinary mail.

                              S/Julie Owens
                              Case Manager, (313) 234-5135